And we'll hear argument in the final matter on today's argument calendar. I'm not sure if it's still the morning or the afternoon, but it's the morning. Good morning, Your Honor, and may it please the court. This is a case of restraint. During the bench trial here, well, during a bench trial, it's incumbent upon the district court judge to use restraint to avoid the appearance of partiality or bias. But he is the fact finder in a bench trial. He is the fact finder. And it's very important with that respect that they must avoid the appearance. Now, this is a very fact-specific issue. But aren't those rules related to not influencing the jury? And here there was no jury. That's correct. This is a bench trial, and I think this is what's very important here. The case law that references the rights under 614 frequently addressed the tainting of the jury. But the problem here is when the plaintiff itself fails to fully prove their case, they have failed to develop their case during their case in chief. Well, when you say that, by the way, you say they failed to develop. They put in evidence, right? You're just saying that they didn't, I don't know, convincingly frame the evidence in a way that would have convinced the judge, right? But the evidence was in. Your Honor, there was almost no evidence in at that juncture. In fact, the district court judge acknowledged that there was almost no clear evidence. Well, then he changed his mind. But, again, you can't just say, you know, if a judge says, look, you're not really doing very well, and then goes back into chambers and comes in and says, well, you know what? Actually, I think you're okay. You're going to, is that sort of like a statement against interest by the judge, that the judge can't talk out loud about what his preliminary thoughts about a ruling were? Absolutely not, Your Honor. And I think that's why we need to look at the factual circumstances of what took place during this trial. At the conclusion of the plaintiff's case in chief, there was a motion for a direct verdict. And, effectively, the trial court judge, the district court judge, said, you know, you're right. Number one, there's something out there, but it's not much. There's some, there's an iota of evidence, but it's a version. And then raised, which is a very significant issue as well, is damages. That the plaintiff had failed to show any evidence of damages. In fact, the totality of the documentation which was introduced into evidence, which was later relied upon by the district court judge in calculating damages, was introduced solely as business records. There was no ability, and I know it's very interesting, because the court had addressed this in its prior argument about confrontation. There was no ability here to confront the evidence and the calculation of damages because that evidence was never put on in the plaintiff's case in chief. What do you mean put on? You seem to be suggesting throughout your brief that when you introduce exhibits and they're put into evidence that somehow doesn't count, that you need to then talk about them or talk about them through a witness. Otherwise, they don't count as evidence. That seems to be the premise. There's an aspect of that that's correct, Your Honor. I don't get that. Let me clarify. If something's admitted, it's in evidence, and then the fact finder can look at it. You may be an effective advocate if you explain it all in court. You may be an ineffective advocate if you don't explain it in court. But it's in evidence, and it's for the fact finder. You wouldn't blame a jury for sitting in the jury room for a week later combing through the evidence, would you? No, Your Honor. I think that's very important. So why can't a bench trial? Why can't the judge in a bench trial? Well, I think that during a jury trial that there would be an instruction to the jury with respect to evidence that's been introduced as a business record, saying these have been introduced as business records. The content therein have not been introduced, and they have not been – have passed the hearsay obligation. Wait, wait. What? The documents themselves. These are extensive financial records. Right. They're introduced for the truth of the matter asserted. That's why we have a business records exception. What would be this instruction? Your Honor, specifically here, if they're saying that there's a proof, and I think that the district court judge addressed this in denial or reservation as to the directed verdict, stated that he expected more. Anyone could sit down and look at this, but somebody has to look at these because there are 800 – That's just complaining about poor advocacy. Correct. That's not saying they're not admissible. They were admitted, right? They were admitted, Your Honor. That's correct. As business records. As business records. Which means they're admitted for the truth of the matter asserted because that's a hearsay exception, right? That is a hearsay exception. And that means that the fact finder can rely on them for the content, correct? To an extent, that's correct, Your Honor, but there has to be – To what extent can they not be? I think that in this specific circumstance, because that they were not – there was no form of calculation here, and it goes also to later on where the calculation actually is – differentiates so far from what the allegations were and were raised. Specifically here, and I think that it's important to recognize, this is effectively a criminal claim that was presented. It wasn't a civil. It was presented. In fact, the district court judge claimed that he found the defendant criminally liable here. He claimed that he was convicting him of a crime? He called the defendant criminally liable for the conduct here. Okay, but he didn't impose a sentence, right? He did not impose a sentence. You can have something – you can have a fraud for which you are sued civilly. That could be a crime, too. Correct, Your Honor. But I guess I don't understand. You're not saying that the judge mistakenly thought that this was a criminal trial, right? Not at all, Your Honor. But that goes to the question, which is the second point that we've raised in our appeal as to the appropriate standard that the court had to apply here. Now, the court made all of its rulings based upon a preponderance of the evidence, but the allegations that were made here were strictly based upon fraud. Do you know of a case in which a New York court has endorsed the idea that they're clearly convincing standard-approved compliance? Yes, Your Honor. We addressed multiple of these in our moving papers. That are not plaintiff's fraud? That are not. That sound like fraud? Yes, Your Honor. Specifically here, and unfortunately, most of these are not actually contained within the Second Circuit, the circuit, but in the district court context, where, for example, we did cite to- How about a New York court? Yes, Your Honor. New York courts we did cite to within our pleadings, bankruptcy court pleadings. That's for a bankruptcy claim. Yes. That's not a civil fraud claim. I'm suing you because you defrauded me. Correct, Your Honor. That's a stand-alone civil action. What case do you have in a New York court that says that kind of fraud action is governed by clearly convincing evidence? Yes, Your Honor. Not a bankruptcy case. Bankruptcy is a whole world of its own. I understand, Your Honor. We specifically cited to the Levy v. Young Adult Institute Inc. case, where it stated that courts have found that non-fraud claims to sound fraud where the underlying conduct alleged has been fraud or closely linked to fraudulent behavior. Such claims for which fraud is a necessary element are claims that the other parties attempted to induce action through misrepresentations or material omissions. These include claims for breach of a due charity duty, which is the heart of the case. No, but get to the therefore. The question was not what kinds of claims are really fraud claims. The question is what New York case has said if you have a civil fraud claim the standard of proof is clear and convincing evidence. Your Honor, I didn't specifically cite any of those. I think that that's the only thing that matters. That was the only question I had, Mr. Lurie. So listen to the questions. Is there a case, a New York decision, that you can cite to or that you have cited to? That the appropriate standard of care for a fraud claim is clear and convincing evidence Am I understanding the question correctly, Your Honor? Yes. For fraud cases, not in bankruptcy, but in just a clear, clean fraud case? Yes, Your Honor. I think you misspoke when you said standard of care. Yes, I do apologize, Your Honor. The standard of proof, yes, Your Honor. I think I understood you. So, yes, Your Honor. We did provide this and specifically here. I do apologize for this and I'm going back through some other cases. Specifically with fraud claim. I do apologize. I was not directly prepared to address that specific question. Obviously, we did provide this. It's contained. In fact, we raised this to the district court. In fact, we didn't provide any cases that are binding or of precedential value or even of persuasive value to us stating that the standard is clear and convincing. Not one. Let me ask you. No, answer that question. Question mark. No, and I do understand, Your Honor. I do apologize for that. We did address in the proposed findings. But did you provide a case? I do apologize because I'm going back through with respect to what we presented during the underlying claims as to a fraud claim requiring the heightened standard clear and convincing evidence. Should I assume that's a yes, that you did not? Did you provide any case that would be binding on us or persuasive to us that the standard of review that we should apply is clear and convincing evidence? I believe that I did, Your Honor. It's contained within our brief. We addressed that. You can't find it. I can't find it directly at this juncture, and I do apologize. I don't want to move on. Obviously, we couldn't find it either. I do apologize for that, Your Honor. I've got two more questions. Have we ever said that judges, as the judge here, have less flexibility under Rule 614 when questioning witnesses during Brent's trials than they have during jury trials? No, you have not. The Court has not, Your Honor, and that's one of the issues that we raise here because of the fact that as the judge is now presenting over the evidence, they are the fact finder. They cannot take on a prosecutorial piece of the puzzle as well by asking the questions which they later rely upon because the plaintiff did not flesh out their case. It's then the Court asking the questions in cross-examination, and this case was by interrupting the presentation of evidence. Was there an objection to, I think it was Judge Presetti's questioning of him, of Mr. Santiago at any point during the trial? With respect to the questioning by the Court? Yes. There was not, Your Honor. And specifically there, we believe that the realities of a bench trial here when the district court judge is expressing quite a position where it unnerves counsel, it unnerved the witness, resulted in the witness pleading the Fifth Amendment that it would simply serve no purpose. I do understand that there's a preservation aspect of this. Thank you. But rather than create additional ire. So you reserve the minute for rebuttal? Yes, Your Honor. Thank you. Thank you. Mr. Hummel? Am I pronouncing that correctly, Mr. Hummel? Mr. Hummel? Yes. Am I pronouncing that correctly? I'm sorry, Your Honor. Am I pronouncing your name correctly, Mr. Hummel? Yes, Your Honor. Thank you. William Hummel of Cucamorino, Winiarski & Bittins for the plaintiff appellee. Actually, matters I was going to bring up have already been touched on by the Court, and the fact is that in the appeal, defendant appellant mostly ignores the fact that it was a bench trial and doesn't take into account that the judge was a finder of fact. And with regard to the questions he asked, it's actually presented in the wrong context because counsel just repeated one of the inaccurate statements in saying that, for example, the five questions that resulted in the defendant taking the Fifth Amendment were as a result of the judge asking questions. The record demonstrates every one of those questions was asked by me, having to do with those e-mails that we introduced that we got a court order to get defendant to obtain them from Google, in which he admitted, actually, that he had engaged in improper billing of the commissions that Bolivar was supposed to earn at double or more of a rate, and he also admitted that they were based on steel transactions because during the trial, defendant came up with this story about having purchased two apartments and, in effect, the money that we say in at least 17 transactions was money laundered and sent back from a bank account in Hong Kong as the illegal kickbacks were, according to defendant, a real estate investment, which there was no evidence of that. But with regard to that, getting to the point Judge Nardini raised, that was in the documents that we introduced. The very first thing I did in this trial, actually, was ask the judge for permission to introduce the Google e-mails because I knew how important they would be because they had all these statements by the defendant, and I also introduced the bank records. And this is really not a complicated case where you need a forensic accountant because we demonstrated that the defendant had taken the money, that he and Bolivar participated in this scheme, and we matched the 17 transactions to the bank accounts to the penny, including two transactions that were performed on January 9, 2017, in which a total of $120,000 was transferred from Hong Kong, and we referred during cross-examination to the e-mails, which demonstrated that those two transactions actually were demanded by the defendant of Mr. Bolivar to send precisely those amounts to the penny in two different e-mails he sent. And with regard to counsel's comment that we didn't introduce evidence, not only did we introduce the e-mails at the outset, but we also introduced the bank records and we introduced the deposition testimony of the defendant in which we went over those subjects. And all that was in evidence when we, plus other exhibits, when we ended our case in chief and we elaborated on those during the cross-examination of the defendant, going through similar things that we did in the deposition about the bank records and the e-mails and such, but all that was in. We didn't need a forensic accountant to demonstrate what the damages were because we were able to track them based on the transactions that occurred. With respect to the comments that defendant appellant has made about the judge acting inappropriately, as we pointed out in our brief, it's inaccurate and unfair. He didn't act inappropriately at all. He asked questions, particularly of the defendant when he was raising this story about him having purchased these two apartments. Unfortunately for him, he changed his story as he was stating it to the court and the judge asked him to clarify aspects of his story and he kept changing it every time the judge asked him a question and he got a non-response in effect. He changed his story and that's really the statements that are quoted in the reply brief by appellant's counsel. And with regard to the standard of proof, pages 27 to 39 of our brief, we go through every cause of action. We point out state court decisions for every one of those that says that the standard of evidence or the burden of proof is preponderance of the evidence. That's not compelling, not clear and compelling at all. And for defendant actually to say that even though we pled cause of action under New York law, which don't include a fraud element, that because the evidence included evidence of dishonesty, therefore the court should have interpreted every one of our eight cause of action that we prevailed on as being a fraud claim, that's really a straw man argument that is not fair. We demonstrated that every one of those cause of action, we proved the elements. Not one of the elements was to have to prove fraud. And we discussed this on those same pages, 27 to 39 of our brief. And contrary to counsel's representation, there is no state court case decision anywhere asserted by them in which they show that clear and compelling evidence is required for any of those cause of action. In essence, what they say is they should be viewed as fraud. And if they're viewed as fraud, then it would be clear and compelling. But that's not really a persuasive argument. It's inappropriate. And with regard to the argument that the judge should have directed a verdict, it gets back to the point that Judge Nardini raised, which is we introduced all that evidence before the case in chief and we expanded on it when we cross-examined the defendant when he gave testimony, although we already had that in the deposition transcript. But to say that there was no evidence, not even an iota, is frankly absurd and it's unfair to the judge. Thank you very much. We'll hear a rebuttal from Mr. Lurie. Thank you, Your Honor. Thank you, Your Honor. Specifically related to the question that was asked before with the state court case, which related to the standard for that fraud claims to be on clear and convincing evidence, that's Ross v. Louise Wise Services, Inc., 8 NY 3rd, 478. That's a 2007 case, which we did reference. I'm sorry, I didn't get the name. Say it again. Ross v. Louise Wise Services, Inc. That's 8 NY 3rd, 478, specifically 488. Now, I think that the issue here is with respect to the specific facts and the clear and convincing evidence standard that we've done. The court has in prior decisions, which we've addressed, which we've set forth in the brief, taken a look at the conduct and the allegations and said, effectively, it doesn't really matter what the label is that you put on the cause of action. If the underlying elements of that that you're seeking to prove are those that are fraudulent or misrepresentation or criminal, then the court must apply a higher standard of care. Specifically, we addressed this on page 38 of our moving papers, our initial brief, a non-exhaustive list of various allegations which were made in the amended complaint. They claimed that there were fabricated purchase agreements for the false purchase commissions, that they engaged in money laundering to disguise a source of these monies, concealed material facts from his employer, including various other aspects of that, falsified business records, failed to make truthful and complete disclosures, and acted with concealment. Now, specifically, I know that my time has expired just very, very briefly as the court would allow. I think the court also needs to take a look at what these statements were. These were not five innocent statements that were made by the district court judge. As we address, this is on pages 33 and 34 of our moving papers. Thank you very much. Thank you very much, Your Honor. Thank you very much. We'll reserve the session. That concludes today's argument calendar. I'll ask the foreign deputy to adjourn the court. Thank you. Court is adjourned.